E-FILED
Monday, 27 March, 2006 01:08:25 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RAOUL A. HUGHES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-1052 |
| | ) | |
| MITSUBISHI MOTOR MANUFACTURING, | ) | |
| OF AMERICA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R

This matter is now before the Court on Defendant, Mitsubishi Motor Manufacturing of America, Inc.'s ("MMMA"), Bill of Costs. Plaintiff, Raoul Hughes ("Hughes"), has filed his objections to the Bill of Costs, and this Order follows.

### DISCUSSION

Having won summary judgment in its favor, MMMA has submitted its Bill of Costs pursuant to Federal Rule of Civil Procedure 54(d), seeking to recover $2,442.97.[1] "[C]osts . . . shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." Fed. R. Civ. P. 54(d)(1). The costs that may be recovered pursuant to Rule 54(d)(1) are specified in 28 U.S.C. § 1920. *See* Crawford v. Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987). They include: (1) fees of the clerk and marshal; (2) fees of the court reporter; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification

---

[1] Although the actual itemization submitted by MMMA on Form AO133 indicates total costs of $2,462.97, this amount represents an error in addition. The correct total based on the amounts listed is $2,442,97.

and copies of "papers necessarily obtained for use in the case"; (5) docket fees; and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920.

Rule 54(d) creates a strong presumption favoring the award of costs to the prevailing party. See Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 945 (7th Cir. 1997). "The presumption is difficult to overcome, and the district court's discretion is narrowly confined – the court must award costs unless it states good reasons for denying them." Id. (citation omitted). The losing party must affirmatively demonstrate the prevailing party is not entitled to costs. See M.T. Bonk Co. v. Milton Bradley Co., 945 F.2d 1404, 1409 (7th Cir. 1991). Here, Hughes does not object to the award of costs, but challenges several specific items as unreasonable.

1. Fees of the Court Reporter

MMMA seeks $2,109.43 as fees of the court reporter. In Cengr v. Fusibond Piping Systems, Inc., 135 F.3d 445, 455 (7th Cir. 1998), the Seventh Circuit stated, in the context of deposition costs, "The proper inquiry is whether the deposition was 'reasonably necessary' to the case at the time it was taken, not whether it was used in a motion or in court." (Citations omitted). Hughes does not challenge that any of the depositions claimed were not reasonably necessary for use in this case. Rather, he challenges the page rates charged, as well as other incidental fees associated with the transcripts.

Hughes cites Ochana v. Florez, 206 F.Supp.2d 941 (N.D.Ill. 2002), for the proposition that the rate allowed for deposition costs is limited to $3.00 per page. In Cengr, the Seventh Circuit held that page rates for deposition transcripts by private reporters are limited to those set by the U.S. Judicial Conference. 135 F.3d at 455. While Hughes' argument is correct in principle, the current rate set by the Judicial Conference is $3.30 per

page, and MMMA is entitled to recover at this rate. As Hughes' deposition was billed at a rate of $3.35 per page, the Court finds that the $937.78 billed for this transcript should be reduced by $10.50 (210 pages x .05) to $927.78.

Hughes also seeks to have the costs reduced by $80.00, as four of the deposition transcripts offered a $20.00 discount if the transcript was paid for within 30 days. As MMMA had the opportunity to obtain the transcripts at a discount but chose not to avail itself of that opportunity, the Court finds that it is not reasonable to pass on the full costs of the transcripts to Hughes. Accordingly, the Court will further reduce the cost award for deposition transcripts by $80.00. After the reductions to comply with the Judicial Conference payment schedule and acknowledge the early payment discount that MMMA could have received, the total award for the fees of the court reporter will be $2,018.93.

2. Copying Expenses/Printing

MMMA seeks $267.75 in copying costs/printing. Pursuant to 28 U.S.C. § 1920, the costs of photocopies "of papers necessarily obtained for use in the case" are recoverable by the prevailing party. As previously discussed with respect to deposition costs, the Seventh Circuit found in Cengr that "[t]he proper inquiry is whether the deposition was 'reasonably necessary' to the case at the time it was taken, not whether it was used in a motion or in court." 135 F.3d at 455. While the court of appeals was addressing deposition costs, this Court believes that this rationale is equally applicable to costs for photocopying. Accordingly, the proper inquiry is whether the photocopies were reasonably necessary to this case at the time they were made. Additionally, although the prevailing party is "not required to submit a bill of costs so detailed as to make it impossible economically to recover photocopying costs," Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble

Co., 924 F.2d 633, 643 (7th Cir. 1991), a bill of costs must be sufficiently detailed to enable a court "determine whether the copies in question were reasonably necessary for use in the case, [or else] the claim for costs should be denied," Arachnid, Inc. v. Valley Recreation Prods., Inc., 143 F.R.D. 192, 194 (N.D. Ill. 1992).

MMMA has submitted an itemization of copying charges/printing that is computed at a rate of $.17 per page. Hughes again cites the Ochana case for the proposition that in-house copying charges should be limited to $.10 per page. However, with all due respect, this Court has routinely authorized photocopying costs of up to $.20 per page as reasonable in this are. Accordingly, the Court sees no reason to reduce the $333.54 sought, and that amount will be awarded as costs for the exemplification of copies/printing.

## CONCLUSION

For the reasons set forth above, the Court awards $2,352.47 as costs in this case. Such costs shall be taxed in favor of MMMA and against Hughes.

ENTERED this 27th day of March, 2006.

                                                  s/ Michael M. Mihm
                                                  Michael M. Mihm
                                                  United States District Judge